IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COUNTY OF BUTTE,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　2:11-cv-00424-GEB-KJN
　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)　ORDER GRANTING MOTION TO STAY
　　　　　　　　　　　　　　　　　　)　PENDING ARBITRATION
TRAVELERS CASUALTY & SURETY　　　　)
COMPANY OF AMERICA, and　　　　　　)
ENGINEERED CONTROL SYSTEMS,　　　　)
INC.,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　 )
_____　)

Defendant Engineered Control Systems, Inc. ("ECS") moves to "[c]ompel [a]rbitration of the disputes between the parties to this litigation" under, *inter alia*, the Federal Arbitration Act ("FAA"), and to stay the action pending arbitration. (ECS's Mem. of P.&A. in Supp. of Mot. ("Mot.") 1:21-27.) Defendant Travelers Casualty and Surety Company of America joins the motion. Plaintiff opposes the motion, arguing ECS has waived its right to arbitration. For the following reasons, the motion to compel arbitration and stay the action pending arbitration will be granted.

**I. BACKGROUND**

Plaintiff and ECS entered into a contract to modify the Butte County Jail's security system (the "Contract"), which contains the

1

following arbitration clause: "All questions arising under this article shall be decided by the County, subject to arbitration, notwithstanding final payment." (Contract, Attachment III, section 13(aa), attached as Ex. A to Michael Stratton's Aff. filed in Supp. of ECS's Opp'n, ECF No. 27-2.)

Plaintiff alleges three claims against ECS (breach of contract, breach of implied warranty, and negligence), which concern ECS's performance under the contract. (Compl., ECF No. 1.)

## II. DISCUSSION

ECS argues the FAA compels arbitration in this matter because the Contract "contains a written arbitration clause [and] plainly involved and/or affected interstate commerce." (Mot. 3:17-19, 4:2-8, 6:20-21.) ECS further argues the arbitration clause is enforceable and encompasses each of Plaintiff's claims against it since all of the claims "are rooted in its contractual relationship with ECS[.]" Id. at 7:24-25, 8:4-12, 9:13-19. Accordingly, ECS requests the entire action be stayed pending arbitration of Plaintiff's claims against it. Id. at 14:8-17, 15:19-23, 16:15-18.

Plaintiff rejoins, "[ECS] has waived its right to arbitrate" by knowing of its right to compel arbitration, "making two separate formal inspection demands[,]" "receiv[ing] the benefits of" Plaintiff's discovery, and waiting approximately fifteen months to move to compel arbitration. (Pl.'s Opp'n ("Opp'n") 1:27-28, 2:17, 2:27-3:8, 5:9-12.) Plaintiff further argues that it would be prejudiced if the motion is granted because "[Plaintiff] will have limited discovery rights" in arbitration, and Plaintiff spent numerous hours and dollars in completing discovery and other tasks that would not have been necessary had ECS "promptly requested arbitration." Id. at 3:12-4:12.

ECS replies that Plaintiff "has failed to meet its heavy burden to show that a waiver of [the mandatory arbitration provision] has occurred." (ECS's Reply 2:3-5.) ECS argues that it "has acted consistent with its right to arbitration . . . [by] tak[ing] a defensive posture to date in response to [Plaintiff's] conscious decision to disregard the parties' express arbitration provision." Id. at 4:6-9. ECS further argues "there is simply no basis to satisfy [Plaintiff's] position of prejudice" since Plaintiff has not "explain[ed] how the information exchanged to date could not similarly be used in arbitration[,]" and "there has been no resolution of the substantive legal issues in this case." Id. at 7:20-8:9. ECS also contends Plaintiff's expenses were "self-inflicted" by filing the lawsuit and then "complying with the procedures associated with civil litigation." Id. at 7:10-19.

Plaintiff does not dispute ECS's contention that its claims against ECS are subject to mandatory arbitration under the FAA. Therefore, the issue to be decided is whether ECS has waived its right to demand arbitration. "The right to arbitration, like any other contract right, can be waived. However, [the Ninth Circuit] ha[s] emphasized that 'waiver of the right to arbitration is disfavored because it is a contractual right, and thus any party arguing waiver of arbitration bears a heavy burden of proof.'" United States v. Park Place Assoc., Ltd., 563 F.3d 907, 921(9th Cir. 2009)(quoting Van Ness Townhouses v. Mar Indus. Corp., 862 F.2d 754, 758-59 (9th Cir. 1988))(internal citation omitted). "In order to prevail, [Plaintiff] must show (1) [ECS] had knowledge of its existing right to compel arbitration; (2) [ECS] acted inconsistently with that existing right; and (3) [Plaintiff] suffered prejudice from [the] delay in moving to

3

compel arbitration." Sovak v. Chugai Pharmaceutical Co., 280 F.3d 1266, 1270 (9th Cir. 2002)(citation omitted). "[I]nconsistent behavior alone is not sufficient; the party opposing the motion to compel arbitration must have suffered prejudice." ATSA of Cal., Inc. v. Continental Ins. Co., 702 F.2d 172, 175 (9th Cir. 1983).

"Even assuming [ECS's] actions were somehow inconsistent with [its] attempt to seek arbitration, [P]laintiff has shown no prejudice." Vazquez v. ServiceMaster Global Holding, Inc., No. C 09-05148 SI, 2011 WL 2565574, at *3 (N.D. Cal. June 29, 2011)(citation omitted). "[Plaintiff] w[as a] part[y] to an agreement making arbitration of disputes mandatory. [It] violated that agreement by including [its] arbitrable claims in this action. Any extra expense incurred as a result of [Plaintiff's] deliberate choice of an improper forum, in contravention of their contract, cannot be charged to [ECS]." Fisher v. A.G. Becker Paribas Inc., 791 F.2d 691, 698 (9th Cir. 1986). "Unsurprisingly, courts are reluctant to find prejudice to the plaintiff who has chosen to litigate, simply because the defendant litigated briefly (e.g., by filing a motion to dismiss or requesting limited discovery) before moving to compel arbitration." Brown v. Dillard's, Inc., 430 F.3d 1004, 1012 (9th Cir. 2005).

Further, Plaintiff has not provided any authority to support its conclusory argument that "[i]f the matter is sent to arbitration, [it] will have limited discovery rights." (Opp'n 4:2-3.) Therefore, Plaintiff has not met its "heavy burden" of showing that ECS waived its right to compel arbitration, and ECS's motion to compel arbitration is GRANTED. This action is stayed under 9 U.S.C. § 3 pending arbitration of Plaintiff's claims against ECS.

1    A status conference is scheduled to commence at 9:00 a.m. on
2 January 14, 2013. A joint status report shall be filed fourteen (14)
3 days prior to the status conference, in which the parties shall explain
4 the status of the arbitration proceeding if arbitration is ongoing;
5 however, if arbitration is completed by the status report due date,
6 information concerning how the case should be scheduled shall be
7 included in the status report. Further, if arbitration is completed
8 before the status report is due, a notice of completion shall be filed
9 immediately upon determination that arbitration has been completed.

Dated:  August 9, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge